UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
TRANSPORTATION,

    Plaintiff,                                       Case No. 10-13767

v.                                                      Honorable Patrick J. Duggan

DETROIT INTERNATIONAL BRIDGE
COMPANY and SAFECO INSURANCE
COMPANY OF AMERICA,

    Defendants.
                                     /

## OPINION AND ORDER AWARDING PLAINTIFF FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)

On September 21, 2010, the Detroit International Bridge Company ("DIBC") removed this action for a second time from the Wayne County Circuit Court asserting federal question jurisdiction. Safeco Insurance Company of America ("Safeco") filed its "consent" to the removal on September 23, 2010. On September 27, 2010, the Michigan Department of Transportation ("MDOT") filed an emergency motion for remand and for costs and fees, which this Court granted in an opinion and order on November 5, 2010. In the Court's decision, it *inter alia* awarded fees and costs to MDOT pursuant to 28 U.S.C. § 1447(c) and instructed MDOT to submit "its costs and reasonable attorneys incurred as a result of the removal within seven (7) days of the date of this decision, at which time the Court will enter an order awarding MDOT a specific amount of costs and fees." (Doc. 30 at 12.)

On November 10, 2010, MDOT submitted its statement of fees and costs. Safeco and DIBC filed objections to MDOT's requested fees and costs on November 15 and 18, 2010, respectively. MDOT filed a reply brief on November 22, 2010. The matter is now ripe for the Court's resolution.

In its statement of fees and costs, MDOT seeks an award of $68,917.50 and asks the Court to assess a third of this amount against Safeco. The amount MDOT requests reflects 153.15 hours expended by its attorneys at an hourly rate of $450. While MDOT has previously sought reimbursement at an hourly rate of $200, it argues that a higher rate– equal to the rate charged by DIBC's attorney, Craig John– is appropriate to deter DIBC from continuing in its frivolous conduct and because MDOT employees other than its attorneys had to expend considerable time responding to DIBC's unreasonable removal.

Safeco and DIBC raise several objections to MDOT's statement of costs and fees. First, Safeco contends that costs and fees should not be assessed against it as MDOT did not seek an award against Safeco in its motion to remand. Safeco and DIBC also object to MDOT's request for reimbursement at the hourly rate of $450, which DIBC argues is not the actual rate at which MDOT's attorneys are compensated. DIBC further objects to MDOT's request to be compensated for fees incurred responding to third-party filings and the amount of time reflected for several additional entries.

MDOT did not seek an award against Safeco in its motion to remand. (*See* Doc. 10 at 13.) As a result, when analyzing whether an award pursuant to § 1447(c) was appropriate, the Court did not consider whether Safeco's consent to the removal was

2

"objectively reasonable" or "fairly supportable." *See MDOT v. Detroit Int'l Bridge Co.*, 2010 WL 3245773, at *5 (E.D. Mich. Aug. 17, 2010) (citing *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (internal quotation marks and citations omitted)). Therefore the Court did not intend its award to apply to Safeco. While MDOT now sets forth reasons why it believes sanctions against Safeco would be appropriate, the Court declines to enter an award against Safeco based simply on its consent to the removal. While the Court agrees with MDOT that Safeco had a duty to research the law and ensure that the removal to which it was consenting was proper, in this Court's view, the party that precipitated the wrongful removal (DIBC) should solely bear the sanction for the costs MDOT incurred as a result.

As to the amount of the award sought by MDOT, § 1447(c) provides that "[a]n order remanding the case may require payment of *just* costs and any *actual* expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). MDOT therefore is entitled to an award based on its attorneys' actual hourly rates, rather than the hourly rate charged by DIBC's attorneys. Based on MDOT's representations when DIBC first removed the state court action, the Court finds that hourly rate to be $200. The Court, however, does not agree with DIBC that the hours expended by MDOT's attorneys are unreasonable. The Court also believes that DIBC should reimburse MDOT for the attorneys' fees MDOT incurred responding to third-party motions that MDOT would not have needed to respond to but for DIBC's improper removal.

For the reasons set forth above, the Court awards MDOT attorneys' fees totaling

$30,630. This amount reflects 153.15 hours of work at an hourly rate of $200.

Accordingly,

**IT IS ORDERED**, that DIBC shall pay MDOT $30,630.00 **within seven (7) days** of the date of this Opinion and Order.


DATE: November 29, 2010                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record